Petra CAMPOS, Plaintiff—Appellant,

v.

**PORTLAND PUBLIC SCHOOLS,** Defendant—Appellee.

No. 00–36111.

D.C. No. CV–99–01744–MA.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2003.*

Decided March 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM**

Petra Campos appeals the district court's grant of summary judgment in favor of Portland Public Schools ("PPS") on Campos' claims under 42 U.S.C. §§ 1983 and 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Campos claims she was not selected for the position of Assistant Director of the Even Start program in retaliation for filing a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and for filing an internal grievance against a colleague, in violation of 42 U.S.C. § 2000e. Campos has not established a prima facie case of retaliation regarding the BOLI complaint alone, because PPS selected another candidate for the position *before* Campos filed the complaint. Thus, Campos has failed to establish that there was a causal connection between the filing of her complaint and her nonselection. *See Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 969 (9th Cir.2002) (to establish a prima facie case of retaliation, a Title VII plaintiff must show "1) her involvement in a protected activity, 2) an adverse employ-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment action taken against her, and 3) a causal link between the two.").

 Campos alleges that because she filed her administrative complaint—on which her BOLI complaint was based—*before* PPS chose another candidate for the Assistant Director position, she has shown a causal connection between her involvement in a protected activity and her nonselection. Even if we were to find that Campos has made out a prima facie case of retaliation, however, PPS has produced evidence that it selected another candidate because that candidate was more qualified than Campos. Campos has failed to rebut that evidence with "specific, substantial evidence of pretext" sufficient to survive summary judgment. *Id.*

Campos also has failed to demonstrate that the nonrenewal of her contract with PPS was retaliatory. PPS has produced evidence that it chose not to renew Campos' contract because it did not have sufficient time to evaluate her performance as a Spanish teacher—the position Campos requested—before the deadline for making its decision regarding her contract. Campos has not met her burden of producing specific, substantial evidence that PPS' proffered reason for the nonrenewal was pretextual.

Finally, PPS was entitled to summary judgment on Campos' § 1983 claim that PPS violated her First Amendment rights when it removed her from her position with the Even Start program because of the letter she sent to Francisco Garcia. Campos' letter was not constitutionally protected under the First Amendment because it did not involve a matter of public concern and her interest in expressing herself was outweighed by PPS' interests in

promoting workplace efficiency and avoiding workplace disruption. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 978 (9th Cir.1998). Campos' letter to Garcia focused on alleged sexual relationships of various individuals and other purely personal matters.

The judgment of the district court is **AFFIRMED.**